UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR. S-95-7 LKK/GGH |
| Respondent, | |
| v. | O R D E R |
| TARAS L. WYNNE, | |
| Movant. | |

Petitioner was convicted of, inter alia, drug possession and is currently serving a life term of imprisonment. Pending before the court is petitioner's motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the reasons explained below, petitioner's motion is denied.

**I.**

**BACKGROUND & FACTS**

On January 6, 1995, petitioner was charged by indictment with: (1) possession with intent to distribute more than 50 grams of cocaine under 21 U.S.C. § 841(a)(1); (2) use of a firearm under 18

1

U.S.C. § 924(c)(1); and (3) felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Petitioner proceeded to jury trial in the Eastern District of California and was convicted on all three charges. On April 16, 1996, he was sentenced to a mandatory term of life imprisonment.

Petitioner filed a direct appeal to the Ninth Circuit on the grounds that: (1) the evidence was insufficient to support his conviction; (2) the trial court failed to give a cautionary jury instruction regarding an accomplice; (3) the prosecutor committed misconduct during closing argument; (4) the district court lacked jurisdiction to sentence Wynne as a career offender; and (5) Wynne received ineffective assistance from trial counsel. The appeals court affirmed petitioner's conviction on November 24, 1997. United States v. Wynne, 1997 WL 730274 (9th Cir. 1997).

On November 17, 1998, petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255. The district court denied petitioner's motion on August 6, 1999, but neglected to serve petitioner with the order until March 13, 2001. The district court, on June 14, 2001, vacated and reentered the order denying petitioner's habeas petition.

Petitioner then filed a notice of appeal on July 12, 2001. The Court of Appeals, however, found petitioner's notice of appeal untimely and dismissed the appeal. United States v. Wynne, 59 Fed. Appx. 236 (9th Cir. 2003).

## II.

## ANALYSIS

Petitioner brings the instant motion pursuant to Federal Rule of Civil Procedure 60(b). Petitioner challenges the jury instructions which were given at his trial and claims he was deprived of due process. He seeks to have his criminal conviction deemed void.

Rule 60(b) provides, in relevant part,

> "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." Fed. R. Civ. P. 60(b).

As a threshold matter, the court notes that Rule 60(b) is an improper basis on which to challenge the validity of a criminal conviction. The Federal Rules of Civil Procedure govern "suits of a civil nature." Fed. R. Civ. P. 1; see United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998). The Federal Rules of Civil Procedure do not govern criminal appeals.

That said, courts may examine the content of a motion filed under Rule 60(b) and, in some circumstances, construe it as a habeas petition. See Gonzalez v. Crosby, 125 S. Ct. 2641, 2647-48 (2005) (a Rule 60(b) motion filed by a state prisoner bringing a claim should be treated as a collateral attack and is subject to the restrictions on successive petitions imposed by 28 U.S.C. § 2244).[1]

---

[1] "A 'claim' as used in 28 U.S.C. § 2244 is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez, 125 S. Ct. at 2647.

28 U.S.C. § 2244 states, in part:

3

Courts of appeal have routinely construed post-conviction motions as collateral attacks on the conviction itself and therefor subject to the rules governing habeas petitions. See <u>United States v. Scott</u>, 414 F.3d 815, 816-17 (7th Cir. 2005) (interpreting federal prisoner's post-conviction motion attacking the constitutionality of his conviction as a collateral attack and subject to the successive petition bar); <u>Munoz v. United States</u>, 331 F.3d 151, 152-53 (1st Cir. 2003) (motion made under Rule 60(b) for relief from a judgment previously entered in a habeas case "should be treated as a second or successive habeas petition if--and only if--the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.")

It is equally well established that before a district court may consider a second or successive habeas petition, the petitioner must first apply for and receive authorization from the appropriate court of appeals.   28 U.S.C. § 2244(b)(3)(A).   Without

---

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

1 authorization, the reviewing court lacks jurisdiction to consider
2 a successive habeas petition.  See United States v. Allen, 157 F.3d
3 661, 664 (9th Cir. 1998).
4     In the instant motion, petitioner directly challenges the
5 constitutionality of his conviction.  The court considers this, in
6 essence, to be a habeas petition.  Noting that petitioner
7 previously filed a habeas petition which was denied by order dated
8 June 14, 2001, the present petition is subject to the successive
9 petition bar.  28 U.S.C. § 2244.  Petitioner has not applied for
10 or obtained authorization before filing his second habeas petition.
11 For these reasons, petitioner's motion is DENIED without prejudice.
12     IT IS SO ORDERED.
13     DATED: November 16, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5