UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>TARAS LEON WYNNE,<br><br>        Defendant. | No. 2:95-cr-00007-GEB-1<br><br>**ORDER DISMISSING MOTIONS FOR SENTENCE REDUCITON FOR LACK OF JURISDICTION** |

      Pending are Defendant's four motions seeking to reduce or vacate his sentence based on a California law known as Proposition 47. Docket ECF Nos. 100, 103, 106, 109. The United States filed an opposition to the motions on September 27, 2016. It appears that an attorney named Michael S. Romano requested that his appearance be entered in this case on behalf of Defendant on March 17, 2016, but that attorney has not filed a document on behalf of Defendant.

      The government argues in its opposition:

> In essence, each of defendant's motions claim that by having his previous felony convictions drug trafficking reduced from felonies to misdemeanors his federal sentence must be reduced or vacated. Defendant's motions cite two purported grounds for relief. In some of the motions, he cites to 18 U.S.C. § 3559(c)(7), Docket Nos. 100, 103, and in other motions, he cites to 28 U.S.C. § 2255(f)(4). Docket Nos. 106, 109. Neither of these statues authorize a sentence modification.

1

> Section 3559 is known as the federal "three strikes" law. United States v. Kaluna, 192 F.3d 1188, 1194 (9th Cir. 1999). The statute enhances the sentence of a defendant who is convicted of a "serious violent felony" when the defendant previously was convicted of at least two other serious violent felonies. Id. at 1195. In contrast, this defendant was not convicted of a violent felony and he was not sentenced pursuant to 18 U.S.C. § 3559. Instead, the defendant was convicted of a drug trafficking crime in Count One (possession with intent to distribute cocaine base) and a weapon possession charge in Count Three (felon in possession of a firearm and ammunition). PSR ¶ 1.
>
> Similarly, 28 U.S.C. § 2255(f)(4) does not provide authority for sentencing relief. The defendant's new claims constitute an attempt to file a second or successive motion under 28 U.S.C. § 2255. The defendant, however, was required to obtain authorization from the Ninth Circuit to file this motion and he has not shown that such authorization was ever provided. This Court, therefore, has no jurisdiction to hear the claims now raised by the defendant in his pending motion.

Gov't's Opp'n 4:4-21, ECF No. 113.

Defendant has already filed a § 2255 motion. However, after a prisoner in federal custody has filed an unsuccessful § 2255 motion, the prisoner must seek certification from the appropriate court of appeals before filing a successive motion. 28 U.S.C. § 2255(h)("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . "); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Since this restriction is jurisdictional,

2

Defendant has not shown that this court has the authority to consider his motions. Therefore, the motions are dismissed for lack of jurisdiction. See Davis-Rice v. United States, 224 F. App'x 702, 703 (9th Cir. 2007) (stating if motions are construed "as a second or successive § 2255 motion[, the motions shall be] dismissed for lack of jurisdiction") (citing Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001); Burton v. Stewart, 549 U.S. 147, 151 (2007)).

Dated:   September 29, 2016

GARLAND E. BURRELL, JR.
Senior United States District Judge