UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>TARAS LEON WYNNE,<br><br>Movant. | No. 2:95-cr-0007-GEB-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Pending before the court is movant's motion to reduce sentence ("motion") pursuant to 18 U.S.C. § 3559(c)(7). ECF No. 100.[1] The government has filed an opposition[2] to the motion (ECF No. 113) and movant has filed a reply (ECF No. 126). For the reasons stated hereafter, the court recommends that movant's motion be denied. The government's motion for extension of time (ECF No. 110) is granted nunc pro tunc.

BACKGROUND

In 1995 movant was charged with: (1) possession with intent to distribute more than 50 grams of cocaine pursuant to 21 U.S.C. § 841(a)(1); (2) use of a firearm pursuant to 18 U.S.C.

---

[1] All pending motions in this action were referred to the undersigned by the district judge. ECF No. 124.

[2] Good cause having been shown, the government's timely request to extend time for filing that opposition (ECF No. 110) is granted nunc pro tunc.

1

§ 924(c)(1); and (3) being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). ECF No. 88 at 1-2; ECF No. 1.[3] After a jury trial, movant was convicted on all counts. Before sentencing, however, the government moved to enter a judgment of acquittal on the second count based on new Supreme Court caselaw. ECF Nos. 36, 37.

Movant was subject to a mandatory sentence of life in prison on the first count and one-hundred and twenty months concurrent on the third count. ECF No. 113-1 at 6. A life sentence was mandated on the first count under 21 U.S.C. § 841 because movant had two prior felonies under California law: (1) cocaine possession pursuant to Cal. Health & Safety Code § 11350; and (2) sale of cocaine base Cal. Health & Safety Code § 11351.5.

In November of 2014, California enacted Proposition 47 which, *inter alia*, reclassified some offenses that had previously been felonies as misdemeanors. It also provided a mechanism for those with prior, applicable convictions to reclassify their felonies as misdemeanors. Movant successfully reclassified his possession conviction into a misdemeanor in April of 2015. ECF No. 106 at 14; ECF No. 126 at 12. As a consequence of this reclassification, movant argues that he no longer qualifies for a mandatory life sentence under 21 U.S.C. § 841.

## ANALYSIS

The success of movant's claim turns on the applicability of the Ninth Circuit's ruling in *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016).[4] In *Diaz*, a similarly situated movant – Jesse Vasquez - was also sentenced to life imprisonment under 21 U.S.C. § 841 as a consequence of two prior felonies under California law. *Diaz*, 838 F.3d at 971. Mr. Vasquez succeeded in reclassifying one of those felonies and, like the movant in this case, argued that his federal enhancement under § 841 should be invalidated. *Id.* The Ninth Circuit rejected his argument and held that "California's actions – taken long after Vasquez's state conviction became "final" –

---

[3] Owing to the age of this case, many of the earliest docket entries, including ECF No. 1, are not available electronically.

[4] The court notes that, in its opposition, the government addresses some arguments not expressly raised by the movant - namely the possibility of a reduction in sentence under 18 U.S.C. § 3582(c)(2). ECF No. 113 at 5-6. Movant did not raise such an argument in either his motion or his reply, and thus the court declines to address this issue.

2

have no bearing on whether § 841's requirements are satisfied." *Id.* at 972. It explained that federal law, not that of California, determined the effect of Vasquez's successful reclassification and "§ 841 is a 'backward-looking' inquiry requiring only that a defendant have committed his federal crime 'after two or more prior convictions for a felony drug offense *have become final*.'" *Id.* at 972-74 (internal citations omitted) (italics in original). The *Diaz* court closed by noting that:

> [E]ven if California decided to give Proposition 47 retroactive effect for purposes of its own *state* law, that would not retroactively make Vaszquez's felony conviction a misdemeanor for the purposes of *federal* law. As we have explained, § 841 explicitly tells us when it applies: When a defendant (1) commits a federal drug offense (2) after being convicted of two or more felony drug offenses that have 'become final.' 21 U.S.C. § 841(b)(1)(A). There is no doubt Vasquez committed a federal drug offense, nor is there any doubt his state felony convictions 'have become final.'

*Id.* at 974. Movant recognizes the existence of the *Diaz* decision in his reply. He raises several arguments as to why the case does not control, none of which is convincing.

Movant argues that the case is distinguishable insofar as the Ninth Circuit "failed to address the constitutional issues involved and completely ignored the fact that the Supreme Court expressly left open the question at issue in *McNeill v. United States*, 563 U.S. 816, 825 n.1 (2011)." ECF No. 126 at 24. Movant does not explain what he means by 'constitutional issues,' but the court interprets it as a reference to his separate argument that, after his felony reduction, his current sentence violates his Eighth and Fourteenth Amendment rights. *Id.* at 23. His constitutional arguments are predicated on a rejection of *Diaz*, however, insofar their rationale rests entirely on the state law reclassification. Indeed, movant points to the fact that "California lawmakers have spoken clearly: felonies reduced to misdemeanors under Proposition 47 apply 'for all purposes.'" *Id.* But the *Diaz* decision makes clear that, at least in this instance, federal and state law are operating in wholly separate spheres. The court has no reason to doubt that California lawmakers intended the reclassifications of state felonies to apply for 'all purposes.' Necessarily implicit in that pronouncement, however, are the limits of California lawmakers' own power. California, by way of alterations to its own state sentencing laws, does not have the

/////

3

power to change or overrule federal sentencing law. And the Ninth Circuit has made clear what the position of federal law is with respect to the issue at hand.

Next, the fact that the Supreme Court has not spoken definitively to this issue does not, as movant seems to suggest, render the Ninth Circuit's decision in *Diaz* incorrect. Obviously, the Supreme Court would have the final word if it were to take up this issue and squarely address it in the future. Until that time, however, *Diaz* is the controlling law of this circuit. It follows that movant's last argument regarding *Diaz*– that the case was wrongly decided - must be rejected due to the incontrovertible fact that this court has no authority to decide as much.

In closing, the court expresses its view – as Judge Karlton did before (ECF No. 113-1 at 5, 7) – that movant's life sentence is tragically disproportionate to the crimes he was convicted of. As Judge Karlton correctly noted in handing down the sentence, however, courts and judges "do the law." *Id.* at 5. The law of the circuit is clear and this court is not at liberty to depart from it, no matter how sympathetic the facts of movant's case may be.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that the government's motion for extension of time (ECF No. 110) is GRANTED nunc pro tunc.

Further, it is RECOMMENDED that movant's motion to reduce sentence (ECF No. 100) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section

4

2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 9, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE